UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KLODIAN YZO,

       Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, a/k/a DHS, a
Governmental Entity, IMMIGRATION AND
CUSTOMS ENFORCEMENT, a/k/a ICE, a
Governmental Agency within the DHS,
VINCENT J. CLAUSEN, in his official
capacity as Director of the Detroit District of ICE,
JOHN DOE I in his official and unofficial capacity
as an Officer and employee of DHS, JOHN DOE II
in his official and unofficial capacity as an Officer
and employee of DHS, JOHN DOE III in his official
and unofficial capacity as an Officer and employee of DHS

       Defendants.
_____/

Civil No. 07 - 13016
HON. LAWRENCE P. ZATKOFF

## ORDER DENYING PLAINTIFF'S MOTION
## FOR A TEMPORARY RESTRAINING ORDER

       This matter is before the Court upon Plaintiff's Motion for a Temporary Restraining Order (TRO) pursuant to FED. R. CIV. P. 65(b). For the following reasons, Plaintiff's Motion for a Temporary Restraining Order is DENIED.

       On March 12, 2007, Plaintiff was taken into custody by the Bureau of Immigration and Customs Enforcement (BICE). Plaintiff subsequently filed a Petition for Writ of Habeas Corpus, Case No. 07-11798, which the Court denied on June 25, 2007. In connection with the Petition, the Court also denied Plaintiff's request to stay his removal proceedings, concluding that it lacked

jurisdiction based on section 106(a) of The REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231, amending section 242 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252. Plaintiff has since filed the instant action, Case No. 07-13016, claiming he has been deprived of several constitutional rights during his detention and requesting the Court enjoin Defendants from removing him from the country during the pendency of this claim.

As noted above, this is not the first time the Court has reviewed Plaintiff's situation. In the first instance, Plaintiff claimed that his detention was illegal and sought a writ of habeas corpus along with a stay of his removal proceedings. In this instance, Plaintiff claims that he has been deprived of several constitutional rights during his detention and seeks a restraining order preventing Defendants from continuing the removal process. Thus it appears that aside from the difference in constitutional violations, Plaintiff is seeking precisely the same relief in the current motion that the Court could not grant in his earlier case: granting Plaintiff's motion for a TRO would produce the same effect as staying his removal proceedings. Accordingly, the Court finds that it cannot grant Plaintiff's Motion for a Temporary Restraining Order for the same reasons set forth in its prior Opinion and Order in *Yzo v. Dep't. of Homeland Security*, No. 07-11798 (E.D. Mich. June 25, 2007).

The REAL ID Act specifically provides as follows:

> (g) Exclusive jurisdiction. Except as provided in this section and *notwithstanding any other provision of law (statutory or nonstatutory)*, including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this Act.

8 U.S.C. § 1252(g) (emphasis added). Just as the Court could not stay Plaintiff's removal

proceedings as part of his habeas petition under 28 U.S.C. § 1651, it likewise cannot grant an order that would produce the same effect under FED. R. CIV. P. 65(b). Therefore,

IT IS ORDERED that Plaintiff's Motion for a Temporary Restraining Order is DENIED.

IT IS SO ORDERED.


                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: August 23, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 23, 2007.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290