# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KLODIAN YZO,

    Plaintiff,

v.

    Civil No. 07 - 13016
    HON. LAWRENCE P. ZATKOFF

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, a/k/a DHS, a
Governmental Entity, IMMIGRATION AND
CUSTOMS ENFORCEMENT, a/k/a ICE, a
Governmental Agency within the DHS,
VINCENT J. CLAUSEN, in his official
capacity as Director of the Detroit District of ICE,
JOHN DOE I in his official and unofficial capacity
as an Officer and employee of DHS, JOHN DOE II
in his official and unofficial capacity as an Officer
and employee of DHS, JOHN DOE III in his official
and unofficial capacity as an Officer and employee of DHS

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court upon Plaintiff's Motion for Reconsideration of the Court's August 23, 2007, Order Denying Plaintiff's Motion for a Temporary Restraining Order. Plaintiff filed the current motion pursuant to E.D. MICH. LR 7.1(g) on September 11, 2007.

According to E.D. MICH. LR 7.1(g)(1), "[a] motion for ... reconsideration must be filed within 10 days after entry of the judgment or order." Additionally, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). The order up for reconsideration was entered on August 23, 2007. Therefore, excluding Saturdays, Sundays and legal holidays, Plaintiff's motion was due on September 7, 2007. Consequently, Plaintiff's Motion for Reconsideration is untimely.

Furthermore, the Court finds Plaintiff's argument for reconsideration lacks merit. Plaintiff must demonstrate a "palpable error by which the court and the parties have been misled ...." E.D. MICH. LR 7.1(g)(3). Plaintiff argues that the Court erred in concluding that it lacked jurisdiction to hear his claim for a temporary restraining order pursuant to the REAL ID Act. The Court disagrees. Contrary to Plaintiff's motion, the Court did not equivocate his current constitutional claim with his prior Petition for Habeas Corpus. Instead, the Court found that the granting Plaintiff a TRO would produce the same result as issuing a stay of his removal proceedings, which the Court could not do based on the REAL ID Act's exclusive jurisdiction provision. This determination by no means prevents Plaintiff from otherwise pursuing his cause of action in this matter; rather Plaintiff must merely go forward with his constitutional claims without the benefit of staying his removal proceedings. Plaintiff has pointed to no "palpable error" that warrants a contrary decision. Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 19, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290